**Matthew C. Casey**, OSB #981950
E-mail:    matt.casey@bullivant.com
**Peder Rigsby**, OSB #104903
E-mail:    peder.rigsby@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant Chugach Education
Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STEPHANIE FEAREY**,<br><br>                              Plaintiff,<br><br>         v.<br><br>**CHUGACH EDUCATION SERVICES, INC.; MANAGEMENT & TRAINING CORPORATION; MICAH WIESE; DANNY STODDARD**; and **ROBERT WRIGHT**,<br><br>                              Defendants. | Civil No.:3:19-CV-613<br><br>**NOTICE OF REMOVAL**<br><br>**PURSUANT TO 28 U.S.C. 1442 AND 1446**<br><br>**Multnomah County Circuit Court Case No. 19CV07056** |

PLEASE TAKE NOTICE that Defendant Chugach Education Services, Inc.

("Chugach") files this timely Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1) and

1446.  Chugach states the following in support of this Notice of Removal.

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL**
**Page 1**

## I. PROCEDURAL COMPLIANCE REQUIREMENTS

1.      Chugach is a party to a civil action brought against it in the Circuit Court of the State of Oregon for the County of Multnomah entitled *Stephanie Fearey v. Chugach Education Services, Inc. et al.*, Case No. 19CV07056.  Plaintiff's Complaint alleges employment law claims against Chugach for gender discrimination, sexual harassment and/or hostile work environment, and retaliation, all arising from Plaintiff's employment with Chugach.  Copies of the Summons and Complaint, Certificate of Service, and Affidavit of Mailing are attached as composite Exhibit A and constitute all pleadings, motions, and orders in the state court action up to the present date.  Chugach has not served an answer or responsive pleading to the Complaint in the state court proceeding.

2.      In addition to the state court proceeding, Plaintiff has filed a complaint with the U.S. Department of Labor ("US DOL"), which is currently pending.  Her complaint with the US DOL seeks relief under the Federal Torts Claim Act ("FTCA").

3.      Plaintiff's state court action was filed with the county clerk for Multnomah County, Oregon, on February 12, 2019.  Chugach was served with the Summons and Complaint on March 20, 2019.  This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446(b) within 30 days of proper service of Plaintiff's Complaint upon Chugach.  *See* 28 U.S.C. § 1446(b) (stating, in part, that notice of removal shall be filed within 30 days after the receipt by the defendant of the initial pleading setting forth the claim for relief); *see also*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (stating, in part, "[a]fter a defendant learns that an action is removable, he has thirty days to remove the case to federal court," and holding removal notice under 28 U.S.C.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL**
**Page 2**

§ 1442(a)(1) was timely).

4.      Chugach, in compliance with 28 U.S.C. § 1446(d), concurrently provides written notice of the filing of this Notice of Removal to Plaintiff and will concurrently file a copy of the same with the clerk of the Circuit Court of the State of Oregon for Multnomah County.

5.      Although removal from state court generally requires unanimity and consent among the defendants, consent to removal is not required under 28 U.S.C. § 1442.  *See Durham*, 445 F.3d at 1253 (holding defendant could move unilaterally for removal under 28 U.S.C. § 1442).

6.      Venue for removal lies in this Court because the state court in which the action was originally filed is within this Court's geographic district and division.

7.      By removing this action to this Court, Chugach does not waive any defenses, objections, rights, or motions available to it under state or federal law, including improper service or other grounds under Fed. R. Civ. P. 12(b).

## II.  GROUNDS FOR REMOVAL

8.      Under 28 U.S.C. § 1442(a)(1), a defendant may seek to remove a case to federal court by showing that "(1) it is a 'person' within the meaning of the statute, (2) a causal connection exists between plaintiffs' claims and the action [defendant] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to plaintiffs' claims."  *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (citing *Durham*, 445 F.3d at 1251).

9.      Chugach, through a contract with the US DOL, administers and operates

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL
Page 3**

through the federal Job Corps program.  Job Corps is a federally administered program by

the US DOL that offers free education and vocational training to students ages 16 to 24.

Originally established under the Economic Opportunity Act of 1964, Job Corps is currently

authorized under Title I C of the Workforce Investment Act of 1998 (20 U.S.C. § 9201 *et*

*seq*.).  Job Corps provides comprehensive career development services to students including

academic, career technical, social and independent living skills, career readiness training, and

support services.

10.     Job Corps is directed by the US DOL to "provide material, services, and all

necessary personnel to operate a Job Corps center (Center)."  The US DOL contract with

Chugach specifically directs that Chugach shall:

1. Provide academic, career technical, social, employability and independent living skills training.

2. Provide health care, counseling, and other support services on an individualized needs basis.

3. Conduct program operations in a setting that is clean, well maintained, and safe.

4. Assist youth in obtaining employment, additional education or training, or entry into the Armed Forces.

5. Provide support which prepares graduates to maintain long-term attachment to the labor market or educational opportunities.

6. Integrate center operations with the local workforce development systems, employers and the business community.

11.     The Job Corps Policy and Requirements Handbook ("PRH") was developed

by the US DOL to provide further guidance for the administration of Job Corps by

contractors like Chugach.  The PRH includes provisions that "[s]taff shall not be

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL**
**Page 4**

discriminated against in employment practices on the basis of race, color, national origin, gender, age, disability, religion, or political affiliation or belief." Furthermore, the US DOL, as well as the Directorate of Civil Rights ("DCR") shall be responsible for enforcing equal opportunity in all US DOL-funded programs, and the US DOL "shall be responsible for ensuring contractor compliance with the mandates of Executive Order 11246, and enforcing nondiscrimination and equal opportunity for Job Corps contractor staff."

12.    As alleged in Plaintiff's Complaint, Chugach ran the Springdale Job Corps program located in Troutdale, Oregon, where Plaintiff was employed. Chugach is a "person" under 28 U.S.C. § 1442(a)(1) because it is a private corporation that contracted with the US DOL to manage, oversee, and administer the Springdale Job Corps Center and its duties under the US DOL contract include hiring, retention, and training of employees for the Springdale Job Corps.

13.    Plaintiff's claims as alleged in her Complaint arise directly out of Chugach's delegated authority to manage and oversee the Springdale Job Corps Center, including the alleged negligent hiring, retention, training, and oversight of other defendants. The US DOL is responsible for overseeing Chugach's administration, management, and operations of these functions, and the PRH expressly states that the US DOL and DCR are responsible for overseeing and ensuring nondiscrimination with Chugach and similar contractors. Plaintiff's claims arise out of allegations of discrimination, which the US DOL is charged with ensuring does not happen. Therefore, there is a causal nexus between Plaintiff's claims and the actions Chugach took pursuant to a federal officer's or federal agency's direction.

14.    Contractors who enter into agreements with the federal government may enjoy

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

NOTICE OF REMOVAL
Page 5

the government contractor defense to tort liability. *Boyle v. United Tech. Corp.*, 487 U.S. 500, 505, 108 S. Ct. 2510 (1988). The government contractor defense provides immunity "from tort liability that arises as a result of the contractor's compliance with the specifications of a federal government contract." *Cablace v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 731 (9th Cir. 2015) (citing *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011).

15.    Chugach operates its staffing and discrimination policies under the direct oversight of the US DOL. The PRH specifies that the US DOL is charged with overseeing and ensuring that nondiscrimination policies are applied with Chugach. Therefore, Chugach was following the direction of the US DOL as to any nondiscrimination of its employees. Chugach can demonstrate the elements of the government contractor defense and/or the derivative sovereign immunity defense, and therefore has a colorable defense.

16.    This action is further removed under 28 U.S.C. § 1441(a) because it is a civil action "arising out of the Constitution, laws, or treaties of the United States," within the meaning of 28 U.S.C. § 1331. Specifically, Plaintiff filed a similar complaint with the US DOL under the FTCA. This directly implicates claims under the federal laws of the United States.[1]

17.    This Notice is signed pursuant to Fed. R. Civ. P. 11.

---

[1] To the extent the complaint with the US DOL raises questions of claim and/or issue preclusion, Chugach specifically reserves its right to assert these affirmative defenses as applicable in any further responsive pleading and expressly does not waive or acquiesce the right to assert claim and issue preclusion as applicable under *Aguirre v. Albertson's, Inc.*, 201 Or. App. 31, 117 P.3d 1012 (2005) (explaining waiver by acquiescence when multiple actions are pending).

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL
Page 6**

WHEREFORE, Chugach hereby removes the above-entitled action now pending in the Circuit Court for the State of Oregon for Multnomah County to the United States District Court for the District of Oregon.

DATED:  April 22, 2019

BULLIVANT HOUSER BAILEY PC

By  *s/Peder Rigsby*
    **Matthew C. Casey**, OSB #981950
    **Peder Rigsby**, OSB #104903
    Telephone: 503.228.6351
    Attorneys for Defendant Chugach Education
    Services, Inc.

4816-8140-1236.1 10505/00067

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL
Page 7**