IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STEPHANIE FEAREY,                              3:19-cv-00613-BR

       Plaintiff,                       OPINION AND ORDER

v.

CHUGACH EDUCATION SERVICES,
INC.; MANAGEMENT & TRAINING
CORPORATION; MICAH WIESE;
DANNY STODDARD; and ROBERT
WRIGHT,

       Defendants.

MITRA SHAHRI
DANIEL K. LE ROUX
ANDREW P. FREEMAN
Mitra Law Group
1500 S.W. First Ave., Suite 800
Portland, OR 97201
(503) 243-4545

       Attorneys for Plaintiff

MATTHEW C. CASEY
PEDER RIGSBY
ALEXANDER H. HILL
Bullivant Houser Bailey P.C.
888 S.W. Fifth Ave., Suite 300
Portland, OR 97204
(503) 228-6351

       Attorneys for Defendant Chugach Education Services,
       Inc.

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff Stephanie Fearey's Motion (#14) to Remand this case to Multnomah County Circuit Court. The Court finds the record is sufficiently developed and, therefore, oral argument is not necessary to resolve Plaintiff's Motion.

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this matter.

## BACKGROUND

On February 12, 2019, Plaintiff filed a complaint in the Multnomah County Circuit Court of the State of Oregon against Defendant Chugach Education Services, Inc., and other parties. Plaintiff alleges she was employed by Chugach as a Residential Advisor at Springdale Job Corps located in Troutdale, Oregon. Plaintiff alleges four claims against Chugach arising out of her employment: sex discrimination pursuant to Oregon Revised Statutes § 659A.030(1)(a-b); sexual harassment/hostile work environment pursuant to Oregon Revised Statutes § 659A.030(1)(a-b); retaliation for reporting unlawful conduct/whistleblowing pursuant to Oregon Revised Statutes § 659A.199; and retaliation for reporting unlawful practices

2 - OPINION AND ORDER

under Oregon state law pursuant to Oregon Revised Statutes § 659A.010(1)(f).[1]

On March 20, 2019, Chugach was served with Summons and Complaint in the state-court case.

On April 22, 2019, Chugach filed in this Court a Notice of Removal of the state-court case pursuant to 28 U.S.C. § 1442(a)(1).

On May 21, 2019, Plaintiff filed a Motion to Remand this case to state court.

On June 28, 2019, the Court took Plaintiff's Motion under advisement.

**STANDARDS**

Federal courts are courts of limited jurisdiction and only have subject-matter jurisdiction over matters authorized by the United States Constitution and Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010). Thus, the standard of review applicable to a motion for remand is the same as that applicable to a motion to dismiss for lack of subject-

---

[1] Plaintiff alleged other claims against other parties in the state-court action that are not relevant to this Motion.

matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1). *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014)("Challenges to the existence of removal jurisdiction should be resolved within [the] same framework" as that applicable to motions to dismiss for lack of subject-matter jurisdiction due to "the parallel nature of the inquiry.").

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). A defendant may remove a civil state-court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Removal pursuant to 28 U.S.C. § 1441(a) is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected "if there is any doubt as to the right of removal." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010)(citation omitted). *See also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)(citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Removal is also authorized when the state-court action is against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or

individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1)(the federal officer removal statute). Section 1442(a)(1) is interpreted "broadly in favor of removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements have been met. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Thus, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Geographic Expeditions*, 599 F.3d at 1107.

## DISCUSSION

As noted, Chugach removed this matter pursuant to the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1). To invoke this statute, Chugach "must show (1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between Plaintiffs' claims and the actions Chugach took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to [Plaintiff's] claims." *Liete*, 749 F.3d at 1120.

5 - OPINION AND ORDER

Chugach contends it meets the requirements of § 1442(a)(1) and properly removed Plaintiff's case to this Court. Chugach asserts it contracted with the United States Department of Labor (DOL) to operate the Job Corps where Plaintiff was employed. Chugach also asserts its operation of the Job Corps was administered by DOL through the Policy and Requirements Handbook that, among other things, prohibited Chugach from discriminating against its staff on the basis of race, color, national origin, gender, age, disability, religion, political affiliation, or political belief. Chugach also asserts DOL is "responsible for ensuring contractor compliance with the mandates of Executive Order 11246 and enforcing non-discrimination and equal opportunity for Job Corps contractor staff" pursuant to the Handbook. Thus, Chugach contends a causal nexus exists between Plaintiff's claims and Chugach's directed duties. Finally, Chugach also contends it has a colorable defense that arises from its official duties pursuant to its government contract with DOL.

Plaintiff does not dispute Chugach is a "person" for purposes of the statute. Plaintiff, however, contends Chugach cannot meet its burden to establish federal jurisdiction on the grounds that Chugach does not have any evidence it was acting as an instrumentality of the federal government, and, therefore,

6 - OPINION AND ORDER

Chugach does not have a colorable federal defense to Plaintiff's claims. According to Plaintiff, this Court also lacks jurisdiction pursuant to § 1441(a) inasmuch as all of her claims against Chugach are based on state law and the other Defendants have not consented to or joined Chugach's removal.

I. **Chugach's removal is based on § 1442(a)(1) rather than federal-question jurisdiction, and, therefore, consent by the other Defendants is not required.**

Plaintiff contends the Court lacks jurisdiction in this case on the ground that none of her claims arise out of federal law, and, therefore, removal pursuant to § 1441(a) is improper. Plaintiff also points out as a procedural matter that Chugach did not obtain the consent of all Defendants prior to removal. Under Section 1446(b)(2)(A), when a civil action is removed "solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

In its Notice of Removal, however, Chugach alleges removal was premised on § 1442(a)(1) rather than § 1441(a). Chugach also states in its Response to Plaintiff's Motion that it was not seeking removal under § 1441(a) based on federal-question jurisdiction inasmuch as Plaintiff withdrew its FTCA claim filed with DOL. Def.'s Resp. (#21) at 4 n.4. Thus, all of Plaintiff's claims against Chugach are based solely on Chugach's

7 - OPINION AND ORDER

alleged violation of Oregon law rather than any violation of federal law. Accordingly, § 1441(a) is not applicable and Chugach was not required under § 1442(a)(1) to obtain the consent of other Defendants in the state-court action before removing the case to this Court. *See Cabalce v. VSE Corp.*, 922 F. Supp. 2d 1113, 1119 (D. Haw. 2013), *aff'd sub nom. Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720 (9th Cir. 2015)("[U]nlike with other removal statutes, under § 1442 not all defendants need join in a notice of removal. *See Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981)("[Section] 1442 represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition."))).

## II. Chugach did not establish it was acting under the direction of a federal officer.

Plaintiff contends Chugach is required to attach to its Notice of Removal the actual contract it allegedly has with the federal government in order to establish that it was acting under the direction of a federal officer.

Because Chugach did not attach to the Notice of Removal the actual contract that it allegedly had with DOL, Plaintiff asserts the allegations of the Notice are unsupported hearsay and, therefore, insufficient to establish a "causal nexus"

between any federal government control and Plaintiff's claims.

The statute governing removal of civil actions tracks the language of Federal Rule of Civil Procedure 8(a)(1) and requires a defendant to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

> Like Plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction.

*Leite*, 749 F.3d at 1122.

Chugach alleges in its Notice of Removal that it had a contract with the United States through the DOL to operate the Job Corps, a federally-administered program. Chugach also asserts DOL provided Chugach with guidance for the administration of the Job Corps through the Handbook.

On this record the Court concludes Chugach's statements sufficiently allege a basis for removal under § 1442(a)(1), and, therefore, Chugach was not required to attach a copy of the actual contract to the Notice of Removal.

### III. Chugach has failed to establish a causal nexus between federal control of Chugach's administration of the Job Corps and Plaintiff's claims.

Chugach alleges it was required to follow anti-discrimination laws and that DOL was "responsible for ensuring contractor compliance" with such laws. Merely following

9 - OPINION AND ORDER

regulations and being subject to oversight for such compliance, however, is not sufficient to establish that Chugach was "acting under" the direction of a federal officer as the result of Chugach's contract with DOL.

In *Watson v. Philip Morris Companies, Inc.*, the Supreme Court stated:

> The relevant relationship is that of a private person "*acting under*" a federal "officer" or "agency." In this context, the word "under" must refer to what has been described as a relationship that involves "acting in a certain capacity, considered in relation to one holding a superior position or office." That relationship typically involves "subjection, guidance, or control."

551 U.S. 142, 151 (2007)(emphasis in original; citations omitted). *See also Cabalce v. Thomas E. Blanchard & Assoc., Inc.*, 797 F.3d 720, 728 (9th Cir. 2015).

In *United States v. Orleans* the Supreme Court held a community-action agency, which received all of its funding from the United States under the Economic Opportunity Act, was not a federal agency and its employees were not federal employees for purposes of the Federal Tort Claims Act (FTCA). 425 U.S. 807 (1976). The Supreme Court stated the critical element in distinguishing an agency from a contractor is the government's power "to control the detailed physical performance of the contractor," but compliance with governmental regulations and

conditions does not convert a contractor into an agent of the government. The Supreme Court noted:

> Of course since the community action agencies receive federal funding, they must comply with extensive regulations which include employment policies and procedures. . . . The regulations do not give the [government] power to supervise the daily operation of a community action agency or a neighborhood program.

425 U.S. at 817-18. Although *Orleans* involved removal under the FTCA, the principle of control is analogous to this case.

In *Orleans* the Supreme Court also cited to *Logue v. United States*, 412 U.S. 521 (1973), with approval. In *Logue* the Supreme Court held employees of a county jail that housed federal prisoners pursuant to a contract with the Federal Bureau of Prisons (BOP) were not federal employees. Although the contract required the county jail to comply with BOP rules and regulations prescribing standards of treatment and the United States reserved the right of inspection to enter the jail to determine its compliance with the contract, the Court noted the contract did not authorize the United States to supervise the jail's employees physically. In other words, the government could compel the BOP's compliance with federal standards, but it did not actually supervise BOP operations. 412 U.S. at 528.

Here DOL could require Chugach's compliance with federal regulations prohibiting workplace discrimination, but Chugach

does not allege DOL supervised or controlled Chugach's day-to-day operations. Although Chugach asserts it was required to follow the terms of its contract with DOL, that DOL regulations prohibited discriminatory conduct, and that DOL was obligated to ensure contractors followed such regulations, Chugach's assertions do not establish Chugach was "acting under" the direction of a federal officer for purposes of the removal statute. Thus, Chugach has not established the requisite causal nexus between its actions, the directions of a federal officer or agency, and Plaintiff's claims.

On this record the Court concludes Chugach has not established this Court has jurisdiction pursuant to § 1442(a)(1) for purposes of removal.

### IV. Chugach does not have a colorable defense to Plaintiff's claims.

Based on its contract with DOL, Chugach contends it has a government-contractor defense to Plaintiff's claims.

In *Boyle v. United Technologies Corporation* the Supreme Court held military contractors involved in the design of military equipment could not be liable for state-law claims. 487 U.S. 500 (1988). "This defense protects government contractors from tort liability that arises as a result of the contractor's compliance with the specifications of a federal

government contract." *Gertz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011). "In the Ninth Circuit, however, [the government contractor defense] is only available to contractors who design and manufacture military equipment." *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 n.1 (9th Cir. 1997). *See also Cabalce*, 797 F.3d at 731.

Nevertheless, Chugach contends the government-contractor defense is a colorable defense in this case based on the Supreme Court's holding in *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001). In *Correctional Services Corporation* the Court held there was not an implied private right of action pursuant to *Bivens* for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law. *Id.* at 66. The Supreme Court, however, did not address the applicability of the government-contractor defense to contractors that do not design or manufacture military equipment. The Supreme Court only addressed whether an individual could bring a *Bivens* claim against a contractor rather than against individuals. Thus, *Correctional Services Corporation* is not on point and does not alter the Ninth Circuit precedent in *Snell* in which the court held the government-contractor defense applies only to contractors involved in the design or manufacture of military equipment.

13 - OPINION AND ORDER

In summary, the Court concludes Chugach has not alleged a colorable defense to Plaintiff's claims based on the government-contractor defense. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand this case to Multnomah County Circuit Court.

V.  **Plaintiff is entitled to recovery of attorneys' fees and costs incurred as a result of Chugach's unreasonable and defective removal.**

Plaintiff seeks to recover from Chugach the costs and attorneys' fees incurred in preparation of Plaintiff's Motion to Remand. Based on Ninth Circuit precedent, Plaintiff contends Chugach lacked an objectively reasonable basis to seek removal and to base such removal on its government-contractor defense. Plaintiff also contends Chugach lacked an objectively reasonable basis to remove this case because this Court found Chugach's prior removal of a similar case (*C.M. v. Chugach World Services, Inc.*, No. 3:14-cv-01547) was also improper under § 1442(a)(1).

Chugach, however, contends it has established each element required under § 1442(a)(1), that *C.M. v. Chugach World Services* involved a different defense raised under a different statute, and that it was objectively reasonable under the circumstances of this case for Chugach to seek removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). It is within

14 - OPINION AND ORDER

the discretion of the court to allow an award of costs and attorneys' fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140. Accordingly, the standard for awarding fees turns on the "reasonableness" of the removal. "Absent unusual circumstances, the court may award attorney's fees under § 1441(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here the Ninth Circuit precedent invoked by Chugach applied the government-contractor defense to circumstances that were clearly different from the circumstances of this case. In addition, Chugach had already failed to satisfy the requirements of § 1442 in prior litigation that was based on circumstances similar to those at issue here. Moreover, this Court has concluded Chugach failed to establish that it was acting under the direction of the federal government and, therefore, was unable to establish a "causal nexus" between any government direction Plaintiff's state-law claims for discrimination.

On this record the Court concludes Chugach lacked an

the discretion of the court to allow an award of costs and attorneys' fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140. Accordingly, the standard for awarding fees turns on the "reasonableness" of the removal. "Absent unusual circumstances, the court may award attorney's fees under § 1441(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here the Ninth Circuit precedent invoked by Chugach applied the government-contractor defense to circumstances that were clearly different from the circumstances of this case. In addition, Chugach had already failed to satisfy the requirements of § 1442 in prior litigation that was based on circumstances similar to those at issue here. Moreover, this Court has concluded Chugach failed to establish that it was acting under the direction of the federal government and, therefore, was unable to establish a "causal nexus" between any government direction Plaintiff's state-law claims for discrimination.

On this record the Court concludes Chugach lacked an

objectively reasonable basis to seek removal of this matter from state court to federal court. Accordingly, the Court **GRANTS** Plaintiff's request to recover costs and attorneys' fees associated with the filing of the Motion to Remand.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#14) to Remand and **REMANDS** this matter to Multnomah County Circuit Court, State of Oregon. The Court also **DIRECTS** Plaintiff to file any motion for attorneys' fees and costs **no later than August 12, 2019.**

IT IS SO ORDERED.

DATED this 29th day of July, 2019.

_____
ANNA J. BROWN
United States Senior District Judge