IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STEPHANIE FEAREY,**  3:19-cv-00613-BR

    Plaintiff,  OPINION AND ORDER

v.

**CHUGACH EDUCATION SERVICES, INC.; MANAGEMENT & TRAINING CORPORATION; MICAH WIESE; DANNY STODDARD; and ROBERT WRIGHT,**

    Defendants.

**MITRA SHAHRI**
**DANIEL K. LE ROUX**
**ANDREW P. FREEMAN**
Mitra Law Group
1500 S.W. Frist Ave., Suite 800
Portland, OR 97201
(503) 243-4545

    Attorneys for Plaintiff

**MATTHEW C. CASEY**
**PEDER RIGSBY**
**ALEXANDER H. HILL**
Bullivant Houser Baily P.C.
888 S.W. Fifth Ave., Suite 300
Portland, OR 97204
(503) 228-6351

    Attorneys for Defendant Chugach Education Services, Inc.

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff Stephanie Fearey's Motion (#34) for Attorney's Fees. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff attorneys' fees of **$10,237.50**.

## BACKGROUND

On February 12, 2019, Plaintiff filed a Complaint in the Multnomah County Circuit Court of the State of Oregon against Defendant Chugach Education Services, Inc., and other parties. Plaintiff alleged claims against Chugach arising out of her employment.

On April 22, 2019, Chugach filed in this Court a Notice of Removal of the state-court case pursuant to 28 U.S.C. § 1442(a)(1).

On May 21, 2019, Plaintiff filed a Motion (#14) to Remand this case to state court.

On July 29, 2019, the Court granted Plaintiff's Motion to Remand. The Court also concluded Plaintiff was entitled to recovery of attorneys' fees as a result of Chugach's unreasonable and defective removal.

On August 12, 2019, Plaintiff filed a Motion for Attorney's Fees. Chugach did not file any response to Plaintiff's Motion,

and the Court took the Motion under advisement on August 30, 2019.

**DISCUSSION**

**I. Plaintiff is entitled to reasonable attorneys' fees.**

28 U.S.C. § 1447(c) states:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

As noted, the Court concluded Chugach unreasonably removed this case and remanded the case to state court.

Accordingly, on this record the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs incurred related to the Motion to Remand.

**II. Plaintiff is entitled to reasonable attorneys' fees in the amount of $10,237.50.**

**A. Standards**

The Supreme Court has stated under federal fee-shifting statutes that "the lodestar approach" is "the guiding light" when determining a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Under the lodestar method the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar

calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.  Time Expended in Connection with Plaintiff's Motion.**

Plaintiff seeks to recover attorneys' fees for the time attorney Daniel K. LeRoux and law clerk Gabriella Sternfeld spent in the handling of Plaintiff's Motion to Remand this action. The hourly billing records for their services were

5 - OPINION AND ORDER

submitted with the Declarations of Daniel K. LeRoux and
Gabriella Sternfeld (#35, #36 respectively). Those records
reflect a total of 44.1 hours (27 hours by attorney LeRoux and
17.1 hours by law clerk Sternfeld) expended in reviewing the
Notice of Removal filed by Chugach, researching the law,
communicating with counsel, preparing the Motion to Remand,
reviewing Chugach's Response, preparing a Reply, reviewing court
filings, and preparing the Motion for Attorney's Fees.

Even though Defendant Chugach has not responded to
Plaintiff's request for attorneys' fees, the Court has an
independent duty to review a motion for attorneys' fees for
reasonableness. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398
(9th Cir. 1992). *See also Cruz v. Alhambra Sch. Dist.*, 282 F.
App'x 578, 580 (9th Cir. 2008)(The district court has an
"obligation to articulate . . . the reasons for its findings
regarding the propriety of the hours claimed or for any
adjustments it makes either to the prevailing party's claimed
hours or to the lodestar.").

On this record the Court concludes the time expended
by attorney LeRoux and law clerk Sternfeld on this matter was
reasonable.

C. **Requested Hourly Rate for Attorney LeRoux**.

LeRoux requests an hourly rate of $300.00 for his time

spent handling this matter.

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey published in 2017 as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors. Attorney LeRoux states in his Declaration that he was admitted to the California Bar in 2006 and the Oregon Bar in 2008 and has primarily practiced employment law on behalf of employees. The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice is between $288 and $460 per hour. The rate sought by Plaintiff's counsel is $300 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $300 for attorney LeRoux is reasonable, and, therefore, the Court awards LeRoux attorneys' fees of $8,100.00 for the 27 hours he spent on this matter.

**D.   Requested Hourly Rate for Law Clerk Sternfeld.**

Counsel requests an hourly rate of $125.00 for the time spent by law clerk Sternfeld on this matter.

Law clerk time is compensable. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)(holding law clerk and paralegal time is compensable under federal fee-shifting

statutes); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2006)(awarding fees for time spent by law-student interns). *See also League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1170 (D. Or. 2018)(awarding fees for law students).

Law clerk Sternfeld is a third-year law student at Lewis & Clark Law School. She expects to receive her juris doctorate degree in May 2020 and to sit for the Oregon State Bar in July 2020. The rate sought by Plaintiff for Sternfeld's time is $125 per hour, which is below the Oregon State Bar Economic Survey compensation rate of $207 and $305 per hour for an attorney with zero to three years of practice in the Portland area.

On this record the Court concludes an hourly rate of $125 per hour for law-clerk time is reasonable, and, therefore, the Court awards law-clerk fees of $2,137.50 for the 17.1 hours Sternfeld spent on this matter.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion (#34)

for an Award of Attorney Fees and **AWARDS** attorneys' fees of **$10,237.50.**

IT IS SO ORDERED.

DATED this 9th day of September, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

9 - OPINION AND ORDER